IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SONIA GILLESPIE.,

Plaintiff,

ORDER

v.

25-cv-732-wmc

JARED HOY, *et al.*,

Defendants.

---

On November 20, 2026, defendants moved for: (1) screening by the court of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, given plaintiff's status in a halfway house when this action was filed; and for (2) a stay of the current case deadlines, including the dispositive motion deadline of November 23, 2026. (Dkt. #12.) Plaintiff filed this complaint on August 30, 2025, and defendants answered on November 28, 2025. The court entered the pretrial conference order on January 31, 2026, which set the dispositive motion deadline. Almost ten months later, defendants seek to disrupt the case schedule with this motion. Accordingly, the court must DENY the motion.

First, the court finds that the defendants should be estopped from seeking the requested relief, given their answer almost a year ago and the case progression to date. Fed. R. Civ. P. 1. Second, and even if judicial economy and estoppel did not apply, the court finds that the complaint states a viable claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), as confirmed by the fact that defendants answered rather than moving to dismiss.

Finally, defendants' request to stay the case deadlines is also DENIED. To the extent defendants seek to extend a deadline for dispositive motions for reasons other than the need for screening, they should say so and provide a justification warranting a reasonable, short extension of time. Requesting that the court conduct an unjustified inquiry that is barred by estoppel will not suffice.

Entered this 20th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge